UNITED STATES of America, Appellee,

v.

Deodat BALJIT, also known as Deodat Naraine, Defendant,

Krishendat BALJIT, Defendant–Appellant.

No. 02–1533.

United States Court of Appeals, Second Circuit.

Sept. 12, 2003.

Colleen P. Cassidy, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for appellant.

David Berardinelli, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, on the brief; James G. Cavoli. Assistant United States Attorney, of counsel), New York, NY, for appellee.

Present: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant Krishendat Baljit appeals from a judgment of the United States District Court for the Southern District of New York (Marrero, *J.*) after being convicted by a jury of committing postage meter fraud, in violation 18 U.S.C. §§ 501, 502. Baljit was sentenced to 24 months incarceration, three years of supervised release, $100 special assessment and restitution of $3,328,532.54. On appeal, Baljit challenges the factual basis for the jury's conviction and the propriety of his sentence.

In reviewing a challenge to a jury conviction based on insufficiency of the evidence, we must affirm the conviction if, viewing the evidence in the light most favorable to the prosecution, we conclude that, from the inferences reasonably drawn, " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Unit-*

*ed States v. Best,* 219 F.3d 192, 200 (2d Cir.2000) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in *Jackson* )). "In reviewing a sentence imposed under the Guidelines, we may not overturn the district court's findings of fact 'unless they are clearly erroneous,' and we must give 'due deference to the district court's application of the guidelines to the facts.'" *United States v. Hamilton,* 334 F.3d 170, 188 (2d Cir.2003) (quoting 18 U.S.C. § 3742(e)).

■ Baljit argues that the evidence against him was insufficient to support a finding of the requisite intent under 18 U.S.C. §§ 501 and 502, because each piece of evidence, considered individually, was subject to an innocent explanation. Nevertheless, "viewing the evidence in its totality and in the light most favorable to the Government," *United States v. Glenn,* 312 F.3d 58, 69 (2d Cir.2002), it is clear that a reasonable jury could infer that Baljit possessed the requisite criminal intent to commit postage meter fraud.

Under this standard, the evidence showed that Baljit had reason to know that the United States Postal Service ("USPS") was not being paid for the postage dispensed by the malfunctioning postage meters. For example, the evidence showed that Baljit was employed as a meter room supervisor for American Presort, Inc. ("API"), a bulk mail company, where he was responsible for tracking the postage dispensed by all of the meters. Baljit's supervisor, Leonard Taylor, testified that Baljit informed him, in an "[e]xcited" manner, that one of the postage meters had malfunctioned and was dispensing free postage. Taylor further testified that, per his instruction, Baljit created and maintained a separate account of the free postage generated by the malfunctioning meter in order to bill customers for the "free

dollar" of postage. Moreover, Baljit worked the night shift, when the bulk of API's mail was metered. Postal Inspector Joseph McGinley testified that following the malfunctioning of one of the meters, the amount of mail processed on that meter increased dramatically from 76,000 to 600,000 pieces. On these facts, a reasonable jury could infer that Baljit knew that the machines were dispensing "free" postage and that the USPS was not compensated for the postage dispensed.

■ Baljit argues that the district court erred in sentencing him to pay restitution for the loss accrued on both the day and night shifts when he worked only on the night shift. Under U.S.S.G. § 1B1.3(a)(1)(B), a district court may consider the extent of the jointly undertaken criminal activity and the reasonable foreseeability of conduct undertaken by the defendant. Here, Baljit was responsible on a daily basis for reviewing and balancing the data entered into the logs tracking the postage dispensed by the malfunctioning meters during both the day and night shifts. He provided those logs to API's billing department so that customers could be billed for the "free" postage. Accordingly, the district court did not err in determining that Baljit was responsible for the entire loss of the malfunctioning meter at issue.

■ Baljit's argument that the district court erred in increasing his offense level under U.S.S.G. § 2F1.1(b)(2)(A), requiring a two-level enhancement where an offense involves "more than minimal planning," is also unpersuasive. " 'More than minimal planning' is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." *United States v. Walsh,* 119 F.3d 115, 119 (2d Cir.1997). On these facts, we do not find error in the

district court's determination that a two-level enhancement was applicable.

For these reasons, the judgment of the district court is AFFIRMED.